# United States Court of Appeals
# for the Federal Circuit

---

**FRANK LIMON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1107

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1568, Judge Scott Laurer.

---

Decided: July 10, 2026

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

GEOFFREY M. LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs.

---

Before PROST, CHEN, and STARK, *Circuit Judges.*

PROST, *Circuit Judge.*

Frank Limon appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") that affirmed in part and remanded in part a decision of the Board of Veterans' Appeals ("Board"). For the reasons below, we dismiss for lack of jurisdiction.

BACKGROUND

The present appeal arises from Mr. Limon's series of claims for service connection for Ménière's syndrome with left-ear hearing loss.[1] J.A. 2. As relevant here, Mr. Limon filed a claim for Ménière's syndrome in August 2006. J.A. 13, 33. That claim was denied by a Department of Veterans Affairs ("VA") regional office ("RO") in March 2007. J.A. 14–17. Mr. Limon did not appeal that decision. *See* J.A. 14–17, 33–34. Mr. Limon filed another claim for Ménière's syndrome in November 2011. J.A. 21. The RO denied that claim in January 2013. J.A. 22–25, 34. Once again, Mr. Limon did not appeal. J.A. 34.

Mr. Limon filed another claim for Ménière's syndrome in April 2021. J.A. 34. This time, the RO granted the claim and assigned an April 2021 effective date. J.A. 26–28, 34. The RO subsequently combined Mr. Limon's Ménière's syndrome and left ear hearing loss claims into a claim for

---

[1]    Ménière's syndrome—also referred to as Ménière's disease—"is a disorder of the inner ear that causes severe dizziness (vertigo), ringing in the ears (tinnitus), hearing loss, and a feeling of fullness or congestion in the ear. Ménière's disease usually affects only one ear, but in 15% to 25% of people with the disorder, both ears may be affected." Ménière's Disease, Nat'l Inst. on Deafness and Other Commc'n Disorders, https://www.nidcd.nih.gov/health/menieres-disease (last visited July 7, 2026).

a single disability. J.A. 32. Mr. Limon filed a Notice of Disagreement seeking an earlier effective date for Ménière's syndrome with left-ear hearing loss. J.A. 29.

Before the Board, Mr. Limon argued that he was entitled to an effective date prior to April 2021 for his condition. J.A. 31. The Board disagreed and denied the appeal. J.A. 35. Mr. Limon appealed that denial. Before the Veterans Court, Mr. Limon argued that the appropriate effective date was August 2006—the date of one of his claims for Ménière's syndrome. J.A. 2. He asserted that the Board had misinterpreted 38 C.F.R. § 3.156(b) and improperly overlooked medical records that came after the March 2007 and January 2013 rating decisions. J.A. 2.

The Veterans Court affirmed the portion of the Board's decision denying Mr. Limon's request for an August 2006 effective date for Ménière's syndrome. J.A. 4. But it determined that the Board had erred by failing to assess VA medical evidence generated after the January 2013 rating decision. J.A. 6. It thus remanded the claim for reevaluation of Mr. Limon's entitlement to a November 2011 effective date. J.A. 2–7. Mr. Limon moved for reconsideration of the Veterans Court's decision, which was denied. J.A. 11. Mr. Limon timely appealed to this court.

## DISCUSSION

On appeal, Mr. Limon argues that the Veterans Court misinterpreted 38 C.F.R. § 3.156(b) and erred in finding that his 2006 claim is not pending. Appellant's Br. 11. The government argues that we should dismiss this appeal because the Veterans Court's decision is not final. Appellee's Br. 14. We agree with the government.

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We generally "decline[] to review non-final orders of the Veterans Court." *Ravin v. McDonough*, 107 F.4th 1357, 1360 (Fed. Cir. 2024) (cleaned

up). And "[w]e have repeatedly held that the Veterans Court's remand decisions are typically non-final." *Id.* Our departure from the "strict rule of finality" occurs

> only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002) (footnotes omitted). Mr. Limon argues that those conditions are met here. Appellant's Br. 8. We disagree. Because we conclude that the third condition is not met, we do not reach the first two.

"In this case, as in many others, the question whether we will review the remand order from the Veterans Court comes down to the third factor set forth in *Williams*." *Donnellan v. Shinseki*, 676 F.3d 1089, 1092 (Fed. Cir. 2012) (cleaned up). Our cases make clear that "the legal issue in question must be one that would be effectively unreviewable at a later stage in the litigation." *Id.* (citing *Myore v. Principi*, 323 F.3d 1347, 1352 (Fed. Cir. 2003)).

Mr. Limon contends that the third *Williams* condition is met because the Veterans Court's decision as to the 2006 claim is now the law of the case—in other words, the issue will be moot because the "Board is bound to the Veterans Court's ruling." Appellant's Br. 10–11. But even if the Veterans Court were to adhere to the first ruling as the law of the case after the Board completes the remand proceedings, that ruling "will not, of course, in any way bind this court." *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir.

2006).  And, further, "[a]fter completion of the remand proceedings and the entry of a final judgment by the [Veterans Court], the veteran may raise any objections to the judgment that was entered, whether the errors arose from the original [Veterans Court] decision or the second and final decision." *Id.*  Indeed, the government agrees that "regardless of the outcome of the remand proceedings . . . Mr. Limon will not be foreclosed from later arguing that his effective date should be based on his August 2006 claim." Appellee's Br. 18.  And "Mr. Limon agrees . . . that if a subsequent appeal is available[,] this [c]ourt lacks jurisdiction." Reply Br. 4.  Mr. Limon thus fails to demonstrate "a substantial risk that the decision would not survive a remand." *Williams*, 275 F.3d at 1364.  Because the present appeal does not satisfy the third condition set forth by *Williams*, the Veterans Court's decision is not yet reviewable by this court.

## CONCLUSION

For the foregoing reasons, we dismiss Mr. Limon's appeal for lack of jurisdiction.

## **DISMISSED**